PONDER, Judge.
Plaintiff appeals from a judgment awarding him $828.07 for injuries and expenses sustained when the car he was driving was struck in the rear. The case was consolidated with No. 11,726 filed by the passengers in his automobile. Separate judgments will be given.
The sole issue is the amount of the award.
We amend and affirm.
We consider the finding of liability final since defendants have neither appealed nor answered the appeal.
Plaintiff testified that he was shaken up in the collision. His back and leg were hurting when he got home so he had his wife rub them with rubbing alcohol. Three days later he consulted Dr. Macaluso, who treated him with heat medication and a back brace. He first said he wore the brace about four months, but afterwards said he was still wearing it some twenty months after the accident.
The report of Dr. Macaluso, general surgeon, showed that on the third day after the accident, his diagnosis was cervical and lumbosacral sprain on the findings of: “NECK: Severe tenderness cervical supras-pinal spinous processes. Moderate spasms lateral cervical and severe spasms suboccipi-tal lateral flexion restricted severely. BACK: Very severe tenderness spasms lumbar sacrospinalis muscles. Flexion and extension restricted severely. Lateral flex-ion and rotation restricted severely.” He prescribed analgesics, muscle relaxants, restricted activity, diathermy treatments and a back brace. He saw plaintiff some 21 times before discharging him some 5 months after the accident.
The trial court awarded $500.00 plus $328.07 special damages. The plaintiff asserts that the trial court abused its discretion. We agree. After studying the facts of this case and the awards approved in cases of similar injuries as guidelines only, we conclude that the minimum acceptable award for general damages is $3,000.00. Schexnayder v. Carpenter, La., 346 So.2d 196; Johnson v. International Insurance Co., 347 So.2d 1279 (La.App. 1st Cir., 1977).
For these reasons the judgment is amended so as to increase the award to $3,328.07, and as amended is affirmed.
AMENDED AND AFFIRMED.
Plaintiffs appeal the judgment in this case which is companion to No. 11,725, Lewis v. Bell, et al. As noted in that case the sole issue is the amount of the awards.
Margaret Lewis testified she was scared and “shook-up” by the accident. A day or two later she experienced pain in the neck, head and shoulders. She went to Ochsner’s and received an analgesic. Later she had to stop work. She consulted Dr. Macaluso a week or so after the accident. She was treated three times a week until some five months after the accident. She missed work for a month or six weeks.
Dr. Macaluso’s report showed that he first saw Mrs. Lewis nearly three months after the accident. He diagnosed cervical sprain on findings of: “Severe tenderness cervical supraspinal interspinal processes. Severe spasms posterior cervical and very severe spasms lateral cervical area. Flex-ion and rotation restricted severely. Extension and lateral flexion restricted very severely.” He prescribed analgesics, muscle relaxants, restricted activity, diathermy treatments and a neck collar. She was discharged a little less than five months after the accident.
The court awarded $500.00 for general damages and $396.20 for special damages. We agree with her contention that the lower court abused its discretion. We conclude the minimum allowable award under the facts of this case and the awards approved in cases of similar injuries to be $2,000.00. Schexnayder v. Carpenter, La., 346 So.2d 196; Johnson v. International Insurance Co., 347 So.2d 1279 (La.App. 1st Cir. 1977).
*1035 Shed Thompson testified that he had a previous back condition for which he was seeking medical attention. He was on sick leave at the time of the accident. He consulted Dr. Accardo who gave him some capsules two or three days after the accident. Later he went to Dr. Russo who sent him to the hospital for heat treatments and prescribed a corset. He went back to work the next month but quit shortly because of inability to work. He was retired because of diabetes and a heart condition.
Dr. Accardo saw him three days after the accident. Examination showed bilateral paravertebral muscle spasms, tenderness in the paravertebral muscle areas in the lum-bosacral region, marked restrictions of motion to bending and rotation. X-rays showed a mild scoliosis, minimal narrowing of the L3-L4 disk space and minimal degenerative changes. There was no evidence of fracture or subluxation. He saw plaintiff only one other time; he noted improvement then.
Dr. Russo, an orthopedic surgeon, first saw plaintiff nearly a month after the accident. He found limited flexion, paraspi-nous muscle spasm, diminished knee jerk and tenderness. X-rays showed advanced arthritic changes. Plaintiff was much improved a week later.' He was seen only once more, about three months later.
The court awarded $500.00 in general damages and $215.00 in special damages.
Because of the very serious question of causation and the failure to adduce medical testimony, that must have been available, as to the extent of the prior back condition, we cannot say that the lower court has abused its discretion.
For these reasons, the judgment in favor of Margaret Lewis is amended so as to increase the award to $2,396.20 and affirmed as amended. The appellees are cast with cost.
The judgment in favor of Shed Thompson is affirmed. Appellant is cast with costs.
AMENDED AND AFFIRMED.